# In The United States Court of Federal Claims

| | | |
|---|---|---|
| MICRODYNE OUTSOURCING, INC.<br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES<br>*Defendant.* | ) | No. 06-498<br><br>Judge L. Margolis<br><br>BID PROTEST |

## MOTION TO INTERVENE

Pursuant to Rules 24(a) and 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), Lockheed Martin Aspen Systems Corporation ("Aspen"), through undersigned counsel, respectfully moves to intervene in the above-captioned bid-protest case. Aspen is entitled to intervene as a matter of right under RCFC 24(a)(2). The accompanying Memorandum of Points and Authorities in Support of Its Motion to Intervene sets forth the legal and factual basis for this Motion.

Aspen respectfully requests that this Court grant its Motion to Intervene.

Respectfully Submitted,

/s/

Thomas L. McGovern III
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
202-637-5784
202-637-5910 (fax)
TLMcGovern@HHLaw.com

Dated: July 6, 2006

# In The United States Court of Federal Claims

| | |
|---|---|
| MICRODYNE OUTSOURCING, INC.<br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES<br>*Defendant.* | No. 06-498<br><br>Judge L. Margolis<br><br>BID PROTEST |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE

Pursuant to Rules 24(a) and 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), Lockheed Martin Aspen Systems Corporation ("Aspen"), through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Intervene in the above-captioned case. As set forth below, Aspen is entitled to intervene as a matter of right under RCFC 24(a)(2).

## STATEMENT OF FACTS

Defendant, United States Department of Homeland Security, Citizen and Immigration Services ("USCIS"), issued Request for Proposals ("RFP") No. HSSCCG-05-R-00012 to procure call center services for the NCSC. On or about April 28, 2006, USCIS made awards under the RFP to Aspen and Datatrac Information Services ("Datatrac"). In this post-award protest, filed July 6, 2006, Plaintiff Microdyne Outsourcing, Inc. ("Microdyne") challenges the contract awards to Aspen and Datatrac and seeks to enjoin both Aspen and Datatrac from performing the contracts.

## ARGUMENT

Aspen is entitled to intervene in this case as a matter of right under RCFC 24(a), which provides as follows:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Federal Circuit has stated that "the requirements for intervention are to be construed in favor of intervention." *Am. Mar. Transp., Inc.*, 870 F.2d 1559, 1561 (Fed. Cir. 1989); *Am. Renovation & Constr. Co. v. United States*, 65 Fed. Cl. 254, 257 (2005). Additionally, this Court has routinely granted motions to intervene by awardees in post-award bid protests. *See e.g., RISC Mgmt. Joint Venture v. United States*, 69 Fed. Cl. 624, 626 n.2 (2006); *Ryder Move Mgmt., Inc. v. United States*, 48 Fed. Cl. 380, 382 (2001); *The Ryan Co. v. United States*, 43 Fed. Cl. 646, 650 (1999); *GraphicData, LLC v. United States*, 37 Fed. Cl. 771, 777 (1997).

Aspen's motion is timely, as the protest was filed on July 6, 2006. Aspen also satisfies the other requirements of RCFC 24(a)(2). As the awardee of the contract alleged to have been improperly awarded, Aspen has a direct, substantial, and "legally protectable interest" in the procurement. *Am. Mar. Transp., Inc.*, 870 F.2d at 1561. Additionally, because L-3 is seeking to enjoin Aspen's performance of the call center services contract, "the disposition of the action may as a practical matter impair" Aspen's interest in performing its contract. *See* RCFC 24(a)(2).

Finally, Aspen's interests are not adequately protected by the United States. RCFC 24(a)(2). As the procuring agency, USCIS owes an equal duty to all offerors. Its interests are broader than, and potentially distinct from, Aspen's interest in protecting its right to perform

the call center services contract. Furthermore, absent intervention, Aspen is unable to adequately protect its proprietary information and its business reputation.

## CONCLUSION

For the reasons set forth above, Aspen's Motion to Intervene should be granted.

Respectfully Submitted,

_/s/________________
Thomas L. McGovern III
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
202-637-5784
202-637-5910 (fax)
TLMcGovern@HHLaw.com

Dated: July 6, 2006

# In The United States Court of Federal Claims

| | | |
|---|---|---|
| MICRODYNE OUTSOURCING, INC. *Plaintiff,* | ) | |
| v. | ) | No. ______________ |
| | ) | Judge ______________ |
| UNITED STATES *Defendant.* | ) | BID PROTEST |

**ORDER**

Pursuant to Rules 24(a) and 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), Lockheed Martin Aspen Systems Corporation ("Aspen"), as one of the successful offerors under the RFP at issue in the above-captioned case, has moved to intervene in this action. Having considered its Motion, as well as all other relevant materials, including the absence of opposition by Defendant, it is hereby

ORDERED that the Motion be and hereby is GRANTED.

______________________________

Dated: ___________________