**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(BID PROTEST)**

| | | |
|---|---|---|
| MICRODYNE OUTSOURCING, INC., | ) | |
| *Plaintiff,* | ) | **No. 06-498** |
| v. | ) | **Judge L. Margolis** |
| UNITED STATES, | ) | |
| *Defendant.* | ) | |

**DATATRAC INFORMATION SERVICES, INC.**
**MOTION TO INTERVENE**

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC"), Datatrac Information Services, Inc. ("Datatrac"), respectfully moves to intervene in the above-captioned case. Counsel for Datatrac has discussed this motion with counsel for Defendant, the United States, who does not oppose this motion. Counsel for Datatrac attempted to contact counsel for Plaintiff, Microdyne Outsourcing Inc., by telephone, but was successful only in reaching counsel's voicemail.

Paragraph 8(b) of Appendix C to the Court's Rules explicitly recognizes that successful offerors should be admitted as intervenors in post-award protests. Datatrac, as one of the successful offerors under United States Citizenship and Immigration Service ("USCIS") Solicitation No. HSSCCG-05-R-00012, is therefore entitled to intervene as a matter of right under RCFC 24(a)(2) because Datatrac has an interest relating to the subject matter of this action and Datatrac is "so situated that the disposition of the action may as a practical matter impair or impede [Datatrac's] ability to protect [its] interest . . . ." RCFC 24(a)(2); *see generally, e.g., Greenleaf Constr. Co. v. United States*, 67 Fed. Cl. 350 (Aug. 31, 2005) (prospective awardee

intervened in pre-award protest); *Automated Comm. Sys., Inc. v. United States*, 49 Fed. Cl. 570 (2001) (incumbent contractor intervened in pre-award protest).

Alternatively, this Court should exercise its discretion to permit Datatrac to intervene pursuant to RCFC 24(b) because the defenses raised by Datatrac are based on the same questions of fact and law as the main action. RCFC 24(b)(2). Furthermore, Datatrac's participation in these proceedings will not unduly delay or prejudice the adjudication of the rights of Microdyne or USCIS. *Id.* To the contrary, Datatrac's participation in these proceedings will provide the Court with a more complete understanding of the impact of the injunctive relief requested by Microdyne and the likelihood of success on the merits of Microdyne's action. At a minimum, therefore, the Court should permit Datatrac to intervene in pursuant to RCFC 24(b)(2).

Respectfully submitted,

s/Rand L. Allen
by Daniel P. Graham
Rand L. Allen
WILEY REIN & FIELDING LLP
1776 K Street, N.W.
Washington, DC 20006
(202) 719-7329 (O)
(202) 719-7049 (F)

*Counsel of Record for*
*Datatrac Information Services, Inc.*

*Of counsel:*
Daniel P. Graham
Kevin J. Plummer
WILEY REIN & FIELDING LLP

Dated: July 6, 2006

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(BID PROTEST)**

| | | |
|---|---|---|
| MICRODYNE OUTSOURCING, INC., | ) | |
| *Plaintiff,* | ) | **No. ____________** |
| v. | ) | **Judge ________________** |
| UNITED STATES, | ) | |
| *Defendant.* | ) | |

**ORDER**

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC"), Datatrac Information Services, Inc. ("Datatrac"), one of the successful offerors under the Solicitation at issue in the above-captioned case, has moved to intervene in this action. Having considered its Motion, as well as all other relevant materials, including the absence of opposition by Defendant, it is hereby

ORDERED that the Motion be and hereby is GRANTED.

__________________________________

Dated: _____________, 2006