Agreed-Upon Redacted Copy
May Be Made Public

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

| | |
|---|---|
| MICRODYNE OUTSOURCING, INC., a subsidiary of L-3 COMMUNICATIONS CORPORATION, | |
| Plaintiff, | |
| v. | Case Number: 06-498C |
| THE UNITED STATES of AMERICA, | Judge Robert H. Hodges, Jr. |
| Defendant, and | |
| DATATRAC INFORMATION SERVICES, INC., | |
| Defendant-Intervenor, and | |
| LOCKHEED MARTIN ASPEN SYSTEMS CORP., | |
| Defendant-Intervenor. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

John H. Horne
Powell Goldstein LLP
One Atlantic Center
Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309-3488
Telephone Number: (404) 572-6600
Facsimile Number: (404) 572-4527

Attorney for Plaintiff
L-3 Communications Corporation, a
subsidiary of Microdyne Outsourcing, Inc.

Dated: July 10, 2006

Agreed-Upon Redacted Copy
May Be Made Public

**TABLE OF CONTENTS**

Page

I. STATEMENT OF QUESTIONS INVOLVED ....... 1

II. STATEMENT OF THE CASE ....... 2

A. Nature of the Case ....... 2

B. Statement of Facts ....... 3

III. ARGUMENT ....... 4

A. The Four Corners of the Administrative Record are Insufficient to Determine Whether USCIS was Reasonable or Not ....... 4

B. The Record Must, At Minimum, Include All Items Contemplated by Paragraphs 22-23 of Appendix C of the Rules of the Court of Federal Claims ....... 9

C. Specific Circumstances in This Case Necessitate Additional Discovery Beyond the Administrative Record ....... 10

IV. CONCLUSION ....... 14

APPENDIX ....... 1

A. List of Requested Documents ....... 1

B. List of Individuals to be Deposed ....... 3

Agreed-Upon Redacted Copy
May Be Made Public

# TABLE OF AUTHORITIES

Page(s)

## Cases

Aerolease Long Beach v. United States, 31 Fed. Cl. 342, 354-355 (1994) ....................4
Antarctic Support Associates v. United States, 46 Fed. Cl. 145, 148....................11
CACI Field Services, Inc. v. United States, 12 Cl. Ct. 680, 684 (1987)....................4
Cubic Applications, Inc. v. United States, 37 Fed. Cl. 345, 349 (1997)....................4
Cybertech Group, Inc. v. United States, 48 Fed. Cl. 638, 650-651....................11
Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989) ....................5, 12
Graphicdata, LLC v. United States, 37 Fed. Cl. 771, 779 (1997) ....................5
Impresa Construzioni Geon. Domenico Garufi v. United States, 238 F.3d 1324, 1339 (Fed. Cir. 2001)....................5, 12
Input/Output Tech., Inc, 44 Fed. Cl. 65, 69 (1999) ....................6, 12
Int'l Res. Recovery, Incl. v. United States, 59 Fed. Cl. 537, 542 (2004)....................5, 11
J.C.N. Constr. Co. v. United States, 60 Fed. Cl. 400, 405 n.8 (2004) ....................11
Mike Hooks, Inc. v. United States, 39 Fed. Cl. 147, 158 (1997) ....................4, 12
Portfolio Disposition Mgmt. Group, LLC v. United States, 64 Fed. Cl. 1, 12 (2005)....................5
Precision Std., Inc. v. United States, 69 Fed. Cl. 738, 745 (2006) ....................10

Agreed-Upon Redacted Copy
May Be Made Public

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND SUPPLEMENT THE ADMINISTRATIVE RECORD**

## I. STATEMENT OF QUESTIONS INVOLVED

At issue in this case is whether The United States of America, the Defendant, has, through the United States Citizenship and Immigration Services ("USCIS") of the Department of Homeland Security ("DHS"), acted reasonably in its award of contracts under Solicitation Number HSSCCG-05-R-00012 (the "Solicitation"). To determine the reasonableness of that decision, the Court needs access to adequate information to address issues [redacted] From the four corners of the administrative record alone, it is impossible to properly evaluate all of these issues in enough detail to determine whether USCIS acted reasonably.[1] Therefore, the issue before the Court on this motion is whether it is possible for this Court to render a meaningful decision on Plaintiff's complaint without ordering Defendant to permit discovery and allowing Plaintiff to supplement the administrative record, in order to provide the Court with essential details directly relevant to a determination of the lawfulness and reasonableness of USCIS' conduct affecting this procurement and decision to award contracts to Datatrac Information Services, Inc. ("Datatrac") and Lockheed Martin Aspen

[1] Plaintiff acknowledges that because the administrative record has not yet been filed in this case, to a degree the assessments of what will be contained in the record is necessarily speculative. However, Plaintiff has had discussions with the Department of Justice Attorney, Mr. John Todor, and those discussions concluded without Mr. Todor's agreement to make available the documents and information sought by this motion.

Agreed-Upon Redacted Copy
May Be Made Public

Services Corp. (“Aspen”) (together the “Apparent Awardees”), but not Microdyne Outsourcing, Inc., a subsidiary of L-3 Communications Corporation (“L-3/MOI”).

## II. STATEMENT OF THE CASE

### A. Nature of the Case

On September 28, 2005, the USCIS of the DHS issued Solicitation Number HSSCCG-05-R-00012, a full and open competition for the commercial acquisition to provide call center services to the National Customer Service Center (“NCSC”) (the “Solicitation”). In making its final contract award decision, granting the award to Datatrac and Aspen, USCIS was required to select proposal(s) that represented the “best value” for the Government and failed to do so. [redacted] In using the unlawful source selection decision-making process in this Procurement, USCIS abused its discretion, acted capriciously and arbitrarily and violated the requirements of the Solicitation and federal procurement law. USCIS also violated federal procurement regulations [redacted] Further, USCIS violated federal procurement law by making an award based on [redacted]

Plaintiff has requested that this Court grant injunctive and declaratory relief and an order (i) setting aside the NCSC Contract Award to Apparent Awardees; (ii) directing USCIS' contracting officer to award the NCSC Program Contract to L-3/MOI, or in the alternative to conduct a re-competition of the procurement; (iii) awarding L-3/MOI its costs for pursuing this action, including attorneys' fees and expenses; and (iv) such other relief as the Court may deem just and proper.

**B. Statement of Facts**

L-3/MOI previously sought to undo the irrational, unreasonable, unlawful, arbitrary and capricious actions and decisions of USCIS at the Government Accountability Office ("GAO") through a post-award protest. And while that protest was wrongly dismissed on a procedural technicality well before GAO reached the merits of any of L-3/MOI's bases of protest, L-3/MOI did receive some documents from USCIS through that process. Those documents comprise the exhibits to L-3/MOI's complaint. But those documents do not represent all of the documents that L-3/MOI requested from USCIS through GAO. Nor do those documents reflect all of the documents that RCFC Appendix C, VII, ¶¶ 22, 23, and 24 identify as relevant core documents, which this Court expects to be made part of an administrative record. As will be shown below, the documents that USCIS refused to turn over during the GAO protest process and which it continues to refuse to turn over now are necessary for this Court to conduct a meaningful review of USCIS' conduct, actions and decisions. Furthermore, the information requested through

Agreed-Upon Redacted Copy
May Be Made Public

deposition testimony is of a kind routinely made available to plaintiffs in bid protest cases

## III. ARGUMENT

### A. The Four Corners of the Administrative Record are Insufficient to Determine Whether USCIS was Reasonable or Not

In bid protest cases, the Court's review is generally focused on the information that was before the relevant agency when it made its final decision. But that "general focus" on the information before the agency cannot hamstring the Court from the kind of substantial inquiry and thorough, probing, and in-depth review it must conduct to determine whether the agency's actions were lawful, rational and reasonable. As this Court has held before, the Plaintiff has a right to impugn the correctness of an agency decision by collateral evidence. *CACI Field Services, Inc. v. United States*, 12 Cl. Ct. 680, 684 (1987). In bid protest cases, this Court does not recognize the limit of its review as being solely the contents of the administrative record offered by the agency. *Mike Hooks, Inc. v. United States*, 39 Fed Cl. 147, 155 (1997); *See also Aerolease Long Beach v. United States*, 31 Fed. Cl. 342, 354-355 (1994). This Court has further recognized that the administrative record is solely within the control of the agency and therefore has "adopted a flexible approach both in putting together the evidence that will be considered and in discovery, balancing the limited nature of the court's review with the competing need to recognize potential exceptions to treating the agency's submission as the four corners of the inquiry." *Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 345, 349 (1997).

More specifically, the Court expressly permits supplementation of the administrative record:

> (1) when the agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final

> decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency actions show whether the decision was correct or not; . . .(8) in cases where relief is at issue, especially at the preliminary injunction stage.

*Graphicdata, LLC v. United States*, 37 Fed. Cl. 771, 779 (1997) (*citing Esch v. Yeutter***,** 876 F.2d 976, 991 (D.C. Cir. 1989)).

This is particularly true where, as in this case, a protest has been lodged with the General Accounting Office ("GAO") prior to review in this Court. Describing a post-GAO record as a "fiction," this Court stated in *Int'l Res. Recovery, Incl. v. United States*, 59 Fed. Cl. 537, 542 (2004), "…the GAO record, which contains after-the-fact explanations of the decision-making process, should not represent the metes and bounds of the administrative record on review." And in this case so much more is the reason to compel the production of documents denied to L-3/MOI during the GAO proceeding but identified in RCFC Appendix C, VII, ¶ 22 as "core documents relevant to a protest case."

Supplementation of the record is appropriate and necessary when the record is insufficient for the court to render a decision or provide for meaningful judicial review. *Impresa Construzioni Geon. Domenico Garufi v. United States*, 238 F.3d 1324, 1339 (Fed. Cir. 2001); *see also Portfolio Disposition Mgmt. Group, LLC v. United States*, 64 Fed. Cl. 1, 12 (2005). In this case, the administrative record that the Department of Justice intends to file is insufficient for the Court to render a decision or provide for meaningful review in light of the fact that, to date, USCIS has provided no documentation related to [redacted]

Agreed-Upon Redacted Copy
May Be Made Public

[redacted] Also missing from the proposed administrative record are documents necessary to understand USCIS' rationale for [redacted] The Source Selection Decision offers conclusory representations as to the contents of the Apparent Awardees' proposals and then extrapolates comparative performance risk factors from them. It is impossible to probe thoroughly USCIS' decision without the documents that reflect the bases and analysis that led to USCIS' conclusory representations offered in support and justification of their decision to make awards to the Apparent Awardees. [redacted] There is no way to ensure the accuracy or reasonableness of USCIS' interpretation of those proposals without seeing them.

In addition, this Court ruled in *Input/Output Tech., Inc. v. United* States, 44 Fed. Cl. 65, 69 (1999), that, "[t]he use of testimony to fill gaps in the record where the action is not adequately explained is one of the few recognized exceptions for supplementing the record." The administrative record that Defendant will submit contains significant gaps in the record regarding the rationale [redacted]

The alleged concerns of the [redacted] This gap in the record must be filled by the documents and testimony of the BEC members, the Contracting Officer, the SSA, and DHS procurement officials so the Court can understand how USCIS arrived at its interpretation of the [redacted]

Another significant gap exists in the administrative record that the Defendant proposes to produce regarding USCIS' conclusions that the [redacted]

Silent also is the proposed administrative record on these topics: [redacted]

[redacted]

At the heart of a price/technical trade-off decision is a comparison of the value presented by each proposal. To choose a higher rated, higher cost proposal, the agency must rationally justify its choice and that choice must be reasonable. [redacted] Nor should the Court go without the documents and testimony reflecting the mental impressions of USCIS and DHS decision-makers when they made their decisions.

Apparent from the Source Selection Decision Document (the "SSDD") is the fact that USCIS considered facts and issues when making its price/technical trade-off analysis between L-3/MOI and Aspen and between L-3/MOI and Datatrac which it failed to include in the proposed administrative record. [redacted]

[redacted]

L-3/MOI has a right to the documents and information that USCIS has left out of the administrative record that forms the basis for their decision [redacted] Moreover, for the Court to determine the reasonableness, lawfulness, and rationality of USCIS' preferences it must have access to these same documents.

**B. The Record Must, At Minimum, Include All Items Contemplated by Paragraphs 22-23 of Appendix C of the Rules of the Court of Federal Claims**

The Department of Justice has stated that it does not intend to provide to the Court the following categories of documents: [redacted] Although the language of Paragraph 22 of Appendix C appears to be permissive, read in conjunction with Paragraph 23, it becomes clear that Paragraph 22 is

phrased permissively because such documents might not exist in a given case, not because production of such documents is optional where they exist. Paragraph 23 of RCFC Appendix C states that "…the court expects the United States to produce the core documents and the remainder of the administrative record as promptly as circumstance will permit." Paragraph 22 of RCFC Appendix C defines specifically what the Court considers "core documents," where they exist.

In this case, these documents are directly relevant and necessary to create a record sufficient for the Court to rule on the issues in this case. *See Precision Std., Inc. v. United States*, 69 Fed. Cl. 738, 745 (2006) (enumerating the need for supplementation of the administrative record when the administrative record is insufficient for the court to rule on relevant issues). Thus, in accordance with Paragraph 23, the Government should produce these missing documents as "promptly as circumstances will permit." RCFC Appendix C, VII, ¶ 23.

**C. Specific Circumstances in This Case Necessitate Additional Discovery Beyond the Administrative Record**

This Court has identified that, in addition to the above, there are particular issues arising in the bid protest context that necessitate discovery and supplementation of the administrative record because these issues, by their very nature, require information that will not appear in an administrative record. Two such issues are at the center of this case and, in order to resolve them, discovery and supplementation of the record are necessary.

**1. Conflict of Interest**

Evidence of bias and favoritism resulting from a conflict of interest are not to be found in the four corners of the administrative record. As this Court stated, "Allegations of bias, prejudice, and bad faith…which depend upon a Government official's past conduct toward a

bidder necessarily cannot be subsumed within the record of a challenged award decision. This Court and other fora resolving bid protests have traditionally considered extra-record evidence in assessing alleged bias…" *Int'l Res. Recovery, Inc.*, 61 Fed. Cl. at 42. In a case where allegations of bias or favoritism are at issue, this Court has allowed depositions supplementing the administrative record regarding that bias. *See Antarctic Support Associates v. United States*, 46 Fed. Cl. 145, 148 (allowing four depositions of Government officials involved in the procurement where plaintiffs had alleged favoritism in the granting of the award); *J.C.N. Constr. Co. v. United States*, 60 Fed. Cl. 400, 405 n.8 (2004) (granting plaintiff's discovery motion regarding asserted bias); *Cybertech Group, Inc. v. United States*, 48 Fed. Cl. 638, 650-651 (authorizing depositions where plaintiff alleged that Government officials failed to act impartially).

[redacted]

### 2. Insufficient Information Regarding Factors

Like a conflict of interest, where an evaluator takes into consideration factors that are not disclosed to bidders or are unclear to bidders due to a latent ambiguity, that too will not appear in an administrative record. In cases where the clarity or application of factors used by the evaluators to reach their decisions are at issue, this Court has permitted discovery and supplementation of the administrative record. *See Impresa*, 238 F.3d at 1338-1339 (ordering supplementation of the administrative record with deposition testimony when there were gaps concerning the factors the contracting officer considered in reaching his decision); *Mike Hooks, Inc. v. United States*, 39 Fed. Cl. 147, 158 (1997) (approving the reasoning of *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989) that supplementation of the administrative record is appropriate when the agency failed to consider factors that it should have); *Input/Output Tech., Inc*, 44 Fed. Cl. at 69 (granting a deposition to clarify an ambiguity as to the requirements of the solicitation).

In keeping with this line of cases, discovery and supplementation of the administrative record is appropriate in order to provide the Court with needed information [redacted]

Agreed-Upon Redacted Copy
May Be Made Public

[redacted]

All of the documents relied upon by USCIS in coming to its decisions to award contracts to Datatrac and Aspen, but not L-3/MOI are essential to determine whether those decisions complied with federal procurement law. As explained in this Memorandum, USCIS relied on numerous documents and data not included in its proposed Administrative Record that the Court must consider.

[redacted]

Agreed-Upon Redacted Copy
May Be Made Public

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, L-3/MOI requests that the Court compel the Government to produce the documents and individuals requested by L-3/MOI, as described in Appendix A.

This 10th day of July, 2006.

Respectfully submitted,

s/John H. Horne

John H. Horne
Powell Goldstein LLP
One Atlantic Center
Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309-3488
Telephone Number: (404) 572-6600
Facsimile Number: (404) 572-4527

Of Counsel:

Carl A. Gebo
Diane Festin LaRoss
Mark B. Carter
Powell Goldstein LLP
One Atlantic Center
Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309-3488
Telephone Number: (404) 572-6600
Facsimile Number: (404) 572-4527

::ODMA\PCDOCS\ATL\1049784\1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| MICRODYNE OUTSOURCING, INC., a subsidiary of L-3 COMMUNICATIONS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES of AMERICA,<br><br>Defendant, and<br><br>DATATRAC INFORMATION SERVICES, INC.,<br><br>Defendant-Intervenor, and<br><br>LOCKHEED MARTIN ASPEN SYSTEMS CORP.,<br><br>Defendant-Intervenor. | ) | Case Number: 06-498C<br><br>Judge Lawrence S. Margolis |

**APPENDIX A**

**A. Requested Documents**

1. All documents contemplated by Paragraph 22 of Appendix C of the Rules of the United States Court of Federal Claims ("RCFC"), to specifically include those documents identified by subparagraphs (i); (j); (l); (m); (n); (o); (r); and (t).

2. All documents regarding the Overflow Calls Contract awarded to Datatrac in 2005, to specifically include all documents that relate to the following aspects of the contract:

   (a) USCIS decision to use a sole source, non-competitive procurement method;

   (b) USCIS' decision to make award to Datatrac;

(c) ______________________________

3. ______________________________

(a) ______________________________

(b) ______________________________

(c) ______________________________

(d) ______________________________

(e) ______________________________

(f) ______________________________

(g) ______________________________

(h) ______________________________

4. ______________________________

(a) ______________________________

(b) ______________________________

5. ______________________________

(a) ______________________________

(b) ______________________________

(c) ______________________________

(d) ______________________________

6. All documents regarding USCIS’s cost/price realism or reasonableness analysis of L-3/MOI; Datatrac, and Aspen, to specifically include all documents related to:

(a) ______________________________

(b) ______________________________

(c) ______________________________

(d) ______________________________

(e) ______________________________

7. ______________________________

8. ______________________________

(a) ______________________________

(b) ______________________________

9. All documents regarding USCIS's price/technical trade-off decision between L-3/MOI and Datatrac; to specifically include all documents related to:

(a) ______________________________

(b) ______________________________

(c) ______________________________

(d) ______________________________

(e) ______________________________

10. ______________________________

**B.** ______________________________

1. ____________________

2. ____________________

3. ____________________

4. ____________________

5. ____________________